UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 09-55-JBC

PAMELA STEPHENS, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

* * * * * * * * * *

This matter is before the court upon the plaintiff's application for attorney fees and costs under the Equal Access to Justice Act, ("EAJA") 28 U.S.C. § 2412. The plaintiff's attorney requested an award totaling $2247.50. The Commissioner opposed the request as excessive. For the reasons discussed below, the court will grant the application and award $1897.50 in attorney fees and $350.00 in costs, for a total of $2247.50.

This case originally involved plaintiff Pamela Stephens's request for disability benefits. The ALJ found that Stephens was not disabled within the meaning of the Social Security Act. On March 31, 2010, the denial of benefits was reversed and remanded for additional administrative proceedings.

Fees and expenses are appropriate here because the plaintiff was the "prevailing party." The issue is whether the plaintiff's request for an award based on an hourly rate of $165.00 is excessive. The EAJA states that "attorney fees

1

shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412 (d)(1)(D)(2)(A). Stephens argues that an increase in the cost of living justifies a $40 increase over the $125 hourly rate. It is her burden to show that such an increase is necessary. *Blum v. Stenson*, 465 U.S. 886, 889 (1984). *See also Begley v. Sec. of Health and Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). She must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." 465 U.S. at 895 n. 11. *See also Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009).

The requested rate ($165.00 per hour) is in line with the prevailing rates in the Cincinnati, Ohio, community. See R.16, at 2. Stephens provided a document entitled "2004 Hourly Billing Rates by Firm Size, Years in Practice, and Office Location," an article that refers to a recent study on the average hourly rates in the Greater Cincinnati area, and several other documents in support of this rate. R.16, Exh. 1-3. Together, these documents indicate that an hourly rate of $165.00 is within the normal range for the Cincinnati community.

Increases in the cost of living in the Cincinnati area also justify this increase. "[A]fter the district court determines, based on the evidence in the record, the

2

prevailing market rate for attorney's services of the kind and quality rendered in this case, it should next consider and determine, as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [$125.00] per hour." 966 F.2d at 200. One common method of calculating the cost of living is the Consumer Price Index (CPI). The CPI measures changes in the price of goods and services. It can thus be used to calculate how the cost of living has increased since the EAJA was enacted in 1996. Most courts calculate the increase in the cost of living using the CPI, although there is no consensus on which specific data of the CPI should be reviewed. *See, e.g., Spencer v. Astrue*, 2010 WL 3001949 (E.D. Ky. July 29, 2010) ("Adjustments for increases in the Consumer Price Index are left to the discretion of the district court").

Using an annualized local index for all consumer items,[1] the CPI yields a rate of $167.60 ($2.60 more than that requested by the plaintiff's attorney). This rate is calculated using the following methods: (1) Select an index from the CPI that uses the narrowest geographic area in reference to the location of the legal work

---

[1] The local index is more appropriate than the national index because the policy behind the EAJA is "to encourage the representation of persons with claims against the United States." *Mannino v. West*, 12 Vet. App. 242, 243 (Vet. App. 1999) (citing S. Rep. No. 102-342, at 39-40 (1992); H.R.Rep. No. 102-1006, at 25 (1992)). The "all items" index is proper because "[EAJA] permits a ceiling rate adjustment to take into account 'an increase in the cost of living' - not the cost of legal services." *Gates v. Barnhart*, 325 F. Supp 2d 1342, 1346 (M.D. Fla. 2002). An annual rate is also appropriate. "Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred." *Fantetti v. Comm. of Soc Sec.*, 2010 WL 546729 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994)).

provided and select the rates for "all items", (2) Use the annual rates provided, and (3) measure the cost-of-living increase from the re-enactment of the EAJA in 1996. *See Chipman v. Sec. of Health and Human Serv.*, 781 F.2d 545, 547 (6th Cir. 1986) (noting that a cost-of-living increase should be measured starting from the re-enactment of the EAJA on March 29, 1996, which raised the statutory maximum rate to $125). Applying the "Cincinnati-Hamilton, OH-KY-IN" area for "all items," the rate in 1996 was 149.6.[2] In 2009, when the legal work was provided, the rate was 200.587.[3] Hence, to account for the increased cost of living, the statutory rate of $125.00 should be adjusted upward to $167.60.[4] The plaintiff's request for an increase in the hourly rate to $165.00 is therefore reasonable and should be awarded under the EAJA.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that the EAJA fee petition filed by plaintiff's counsel is **GRANTED** and counsel is **AWARDED** $1,897.50 in attorney fees and $350.00 in costs for a total award of $2247.50.

---

[2] U.S Department of Labor Statistics (http://www.bls.gov/data).

[3] Although some work was performed in 2010, the court will use the 2009 rate. Only 1.5 hours of work were performed in 2010, and the rate was actually higher in 2010 than 2009. *See* http://www.bls.gov/ro5/cpicinc.htm.

[4] 2009 CPI (200.587) divided by 1996 CPI (149.6) multiplied by $125.00. This formula was utilized by Magistrate Judge Hogan in *Rechel v. Commissioner of Social Security*. Case No. 1:06-cv-690 (S.D. Ohio, July 25, 2008). *See* R. 16 at 1.

Signed on June 17, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY